UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RABIA QANOUNI, MARCOS FIALLOS,
ANA MARIA VALENCIA, ARNOLD
DOBLE, SILIUS BAZARD, and JUAN ELIAS
SANTIAGO PAEZ,

                    **Plaintiffs,**

               -against-

D&H LADIES APPAREL LLC, AB & SONS
GROUP, LLC; IAJ APPAREL LLC; ILE
CLOTHING, LLC; 396 B'WAY REALTY
CORP.; SALVA REALTY CORP.; ISAAC
CHETRIT, and ISAK PEREZ,

                    **Defendants.**

-------------------------------------------------------------X

**18-CV-02763 (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).

      On December 19, 2022, the parties submitted a joint letter motion for approval of their proposed settlement agreement (the "Agreement"). See ECF No. 132-1. The parties have also submitted a joint letter detailing why they believe the Agreement is fair, reasonable, and adequate. See ECF No. 132. The Court has reviewed the parties' submissions in order to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action, in light of the totality of the relevant circumstances, including the representations

made in the parties' letter and the terms of the Agreement. For the following reasons, the parties' motion is **DENIED** without prejudice to renew.

The Agreement contains a liability release clause which the Court finds improper in two aspects. First, the release of liability for Plaintiffs and Defendants is not mutual. See Garcia v. Good for Life by 81, Inc., No. 17-CV-07228 (BCM), 2018 WL 3559171, at *3-4 (S.D.N.Y. July 12, 2018) (noting that releases must be mutual). Under the Agreement, Plaintiffs first "knowingly and voluntarily release and forever discharge Releasees of and from any and all Wage Claims, as defined in Paragraph 1.9." Agreement § 4.1. Plaintiffs also "release, waive, and forever discharge Releasees from, or in respect of, all Non-Wage Claims, as that term is defined in Paragraph 1.5 . . ., from the beginning of time through and including the Effective Date of this Agreement." Id. § 4.2. However, Defendants do not release Plaintiffs from any liability.

Next, the release clause is overbroad as it improperly releases from liability numerous entities beyond Defendants. See Lara v. Air Sea Land Shipping & Moving Inc., No. 19-CV-8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). Namely, the Agreement defines "released persons" or "releasees" as:

> D&H Ladies Apparel LLC; AB & Sons Group, LLC; IAJ Apparel LLC; ILE Clothing, LLC; 396 B'Way Realty Corp.; Salva Realty Corp.; and each of their respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, insurers, benefit plans, plan fiduciaries, and/or administrators; and individuals Isaac Chetrit, David Chetrit, Eli Chetrit, and Isaac Perez s/h/a "Isak Perez," in their respective individual or official capacity, and each of their representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns. clause discharges Defendants, "and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers.

Agreement § 1.8. As such, the Court denies the parties' motion for settlement approval without prejudice to refiling a revised settlement agreement that amends the release provision, as

indicated above. Upon submission of a revised settlement agreement, reflecting these changes, the Court will approve the settlement agreement as fair and reasonable.

**SO ORDERED.**

DATED:   New York, New York
         February 10, 2023

                                                      _____
                                                      VALERIE FIGUEREDO
                                                      United States Magistrate Judge